# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

SUSAN KAY MALIK,        )
                                          )
        Plaintiff/Appellee,     )  **Shelby Chancery No. 21988-1 R.D.**
                                          )
VS.                        )  **Appeal No. 02A01-9604-CH-00070**
                                          )
KAFAIT U. MALIK,       )
                                          )
        Defendant/Appellant.  )

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE NEAL SMALL, CHANCELLOR

FILED

October 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

**RUSSELL C. WINSTON**
Memphis, Tennessee
Attorney for Appellant


**JAMES B. FISHER, JR.**
Memphis, Tennessee
Attorney for Appellee


**AFFIRMED**



**ALAN E. HIGHERS, J.**



**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

In this post-divorce proceeding, Kafait U. Malik ("husband") appeals from the trial court's judgment ordering him to cash out and/or borrow against his pension and retirement funds in order to satisfy the court's prior distribution of marital property to Susan K. Malik ("wife").

In 1993, the Chancery Court of Shelby County entered a Final Decree of Divorce awarding a divorce to both parties on grounds of inappropriate marital conduct. The final decree awarded wife $750.00 a month for 60 months as rehabilitative alimony, 40%, or $24,400.00, of the parties' equity in the marital residence, and 40% of the amounts contained in husband's retirement and pension accounts.

Husband is a teacher at the University of Tennessee. As an employee of the State of Tennessee, husband participates in state pension and retirement plans. As of December 1992, the values of his retirement and pension accounts were as follows:

CREF Retirement Account.............................$240,272.92

TIAA Retirement Account.................................$87,106.47

Aetna tax-deferred annuity...............................$34,039.61

Holden Group tax-deferred annuity....................$21,444.77

A Qualified Domestic Relations Order (QDRO) was entered in accordance with the above decree and forwarded to the administrators of the state pension and retirement plans. Upon receipt of the QDRO, however, counsel for the Tennessee Consolidated Retirement System forwarded a letter to wife explaining that at least one of the retirement accounts was not subject to division and award pursuant to T.C.A. § 26-2-104, which provides:

> **State pension moneys, certain retirement plan funds or assets, exempt.–** (a) All moneys received by a resident of the state, as pension from the state of Tennessee, or any subdivision or municipality thereof, before receipt, or while in his hands or upon deposit in the bank, shall be exempt from execution, attachment or garnishment other than an order for assignment of support issued under § 36-5-501 whether such pensioner is the head of a family or not.

T.C.A. § 26-2-104(a) (Supp. 1995).

Thereafter, in 1994, wife filed a petition to modify the final decree, arguing that the retirement fund was subject to division and distribution as a marital asset. In the alternative, she argued that if the retirement funds were exempt from distribution pursuant to T.C.A. § 26-2-104(a), husband should nevertheless be ordered to pay her the value of 40% of those funds from another source. Wife also filed a motion to amend her petition to add the following parties as defendants: the Tennessee State Treasurer, the Tennessee Consolidated Retirement System, the Attorney General of the State of Tennessee, and Teachers Insurance and Annuity Association-College Retirement Systems Equities Fund. The trial court granted wife's motion to amend. These defendants moved to dismiss the case against them due to lack of subject matter jurisdiction on grounds that T.C.A. § 4-5-244 provides that only the Davidson County Chancery Court can entertain claims against state agencies that challenge the legal validity of a statute. Wife subsequently took a voluntary non-suit and dismissal as to all defendants connected with the state.

Following a hearing on the matter, the trial judge held as follows:

> 2. The Court finds that any interpretation of Tennessee Code Annotated Section 26-2-104 that would result in actually depriving the Plaintiff from receiving from Defendant an amount equal to 40% of the retirement funds accumulated during the marriage plus an amount equal to actual earnings thereafter would be unconscionable and against public policy and that said statute should not be interpreted in such a manner because such an interpretation would render said statute unconstitutional. In order to accomplish equity and justice and in order to carry out the Court's previous award to Plaintiff of 40% of all retirement funds accumulated during the marriage plus an amount equal to the actual earnings of said funds thereafter, the Court orders the Defendant, Kafait U. Malik, to pay to the Plaintiff, Susan K. Malik, an amount equal to 40% of the amounts in all of the Defendant's TIAA Retirement Account, CREF Retirement Account, Aetna Tax-Deferred Annuity, Holden Group Tax-Deferred Annuity and other retirement funds accumulated during the parties' marriage....
>
> 3. Defendant, Kafait U. Malik, is hereby ordered to cash out entirely as soon as possible the funds and money now in Defendant's Aetna Tax-Deferred Annuity and Defendant's Holden Group Tax-Deferred Annuity and to turn over to Plaintiff, Susan Malik, by mailing all of said funds to her attorney's office as soon as possible. Upon receipt of said funds by Plaintiff's attorney, Defendant shall be given credit for said payment. Defendant shall do all of the above as soon as possible and shall not delay for any reason.

4. Defendant, Kafait U. Malik, is hereby ordered to borrow against and cash out to the fullest extent possible as soon as possible the funds and money now in Defendant's TIAA Retirement Account and CREF Retirement Account, to the extent necessary to pay the remaining balance owed on the above-described judgment which is owed by Defendant to Plaintiff as set forth above in this Order. Defendant, Kafait U. Malik, shall pay said funds to Plaintiff, Susan K. Malik, as soon as possible without delay by mailing the specified amount to Plaintiff's attorney....

5. The Court finds that the above-described TIAA Retirement Account had a value of $87,106.47 as of December 15, 1992, the above-described CREF Retirement Account had a value of $240,272.92 as of December 15, 1992, the above-described Holden Group Tax-Deferred Annuity had a value of $21,444.77 as of December 8, 1992, and the above-described Aetna Tax-Deferred Annuity had a value of $34,039.61 as of December 21,1992....

Husband's first contention on appeal is that wife, by adding the state-related party defendants, was in effect, seeking a declaratory judgment as to the constitutionality of certain statutes. Because she did not comply with the procedural requisites for maintaining such an action, husband asserts, the trial court lacked jurisdiction to modify the final decree. This contention is without merit. The present case is clearly not a suit for declaratory judgment. Furthermore, any and all defendants connected with the state of Tennessee were voluntarily dismissed from the suit, and the trial court's final order is directed only to husband.

Husband's second contention on appeal is that the trial court erred in ordering him to cash out the funds in his two annuity accounts because the accounts are part of his Optional Retirement Program and as such, are exempt from execution or any other process pursuant to T.C.A. §§ 36-5-501, 8-36-111, and 26-2-104. Husband concedes that the pension funds are martial assets. However, husband points out, the funds are exempt from judicial process and there are no other assets from which to make a property division. Wife responds that the trial court's judgment did not contravene the statute because the order was directed solely to husband, rather than to the state or its agencies.

After researching applicable law, we find the case of Boyd v. Boyd, No. 02A01-9210-CH-00294, 1993 WL 8379 (Tenn. App. Jan. 20, 1993), to be persuasive on this

4

issue. In Boyd, the husband, a state employee, raised the same argument that husband raised in the case *sub judice*--that T.C.A. § 26-2-104(a) prohibited the court from awarding to the wife any of his state retirement benefits. Id. at *2. The court noted that pursuant to T.C.A. § 36-4-121, marital property includes the value of a vested pension or retirement benefit. However, the court in Boyd also recognized that T.C.A. § 26-2-104(a) "clearly renders exempt from execution, attachment or garnishment all money received by a resident...as a pension from the State of Tennessee." Id. at *2. In reconciling the two provisions, the court stated:

> [W]e do not construe the statute to mean that the court in a divorce action is prohibited from making an award to the other spouse. T.C.A. Sec. 36-4-121(b)(1)(B) does not exclude a state employee's pension plan from the definition of marital property.

Id.

Accordingly, the court in Boyd upheld the trial court's judgment ordering husband to pay his retirement benefits to wife within 15 days of his receipt of each retirement check. Id.

We agree with both the analysis and the conclusion of the Boyd decision. Tennessee Code Annotated § 26-2-104(a) prohibits the "execution, attachment, or garnishment" of state pension funds. In this case, however, the trial court ordered husband to cash out and/or borrow against such funds. Thus, the funds were not subject to "execution, attachment, or garnishment," or any other judicial process.

In accordance with the foregoing opinion, the judgment of the trial court is affirmed. Costs on appeal are taxed against appellant.

_____
HIGHERS, J.

5

CONCUR:

_____
FARMER, J.

_____
LILLARD, J.